UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **MARK FULTZ**, | ) |
|       Plaintiff, | ) Case No. 2:25-cv-12882 |
| v. | ) |
| | ) Judge: |
| **Detroit Entertainment, L.L.C.,** a | ) |
| Michigan limited liability company, | ) |
| | ) |
|       Defendant. | ) |

## COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES

Plaintiff, Mark Fultz, individually, by and through the undersigned counsel, Owen B. Dunn, Jr., hereby files this Complaint against Defendant Detroit Entertainment, L.L.C., a Michigan limited liability company, for injunctive relief, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

### JURISDICTION AND VENUE

1. This action is brought by the Plaintiff, Mark Fultz, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government, and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Eastern District of Michigan as venue lies in the judicial district of the property *situs*. The Defendant's property and operations complained of by Plaintiff are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4. Plaintiff, Mark Fultz ("Plaintiff") is a Florida resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. Defendant **Detroit Entertainment, L.L.C.** operates and owns MotorCity Casino Hotel located at 2901 Grand River Ave, Detroit, MI 48201 in Wayne

County.  Plaintiff has patronized Defendant's hotel and casino as an overnight guest previously as a place of public accommodation.

6. The facilities owned by Detroit Entertainment, L.L.C, are non-compliant with the remedial provisions of the ADA. As Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendant is responsible for complying with the obligations of the ADA.  Defendant's facilities as a hotel and place of public accommodation fail to comply with the ADA and its regulations, as also described further herein.

7. The hotel tower owned and operated by the Defendant was originally built by the Defendant or its predecessor commencing in 2007 and granted permits for occupancy in 2007 and is non-compliant with the remedial provisions of the ADA for newly designed and constructed or altered facilities. Full compliance with the implementing regulations of the ADA is required for this hotel unless it is structurally impracticable in which case compliance is required to the extent that it is not structurally impracticable.

8. Mr. Fultz is an individual who, as a result of a stroke, is paralyzed on the right side of his body.  He uses a manual wheelchair for mobility and can occasionally walk short distances with the use of a cane.

9. Raised in Michigan, Mr. Fultz has relatives including his son, daughter,

3

grandchildren, cousins and others in suburban Detroit. His son lives and works in Ann Arbor while his daughter resides between Ann Arbor and Detroit. His sister resides in Brighton. Plaintiff frequents many establishments in the Wayne County region and has been an overnight guest at the property that forms the basis of this lawsuit twice.

10. Mr. Fultz initially experienced discrimination from the Defendant while attempting to reserve a guestroom at Defendant's hotel property online. He was not able to reserve a mobility accessible guestroom of any kind through the motorcitycasino.com website because the website does not afford patrons who require accessible rooms to make a reservation online. Whereas, able-bodied guests may rent any type of non-accessible guestroom online.

11. Mr. Fultz proceeded to contact the reservation phone 1-866-782-9622 and spoke with Tamika. She guaranteed Mr. Fultz an accessible room with a roll in shower in the class of King bed.

12. During the Plaintiff's subsequent recent overnight stay on May 5-6, 2023, Plaintiff encountered architectural barriers at the subject property that violate the ADA and its regulations. The barriers to access at the property have endangered Plaintiff's safety.

13. On February 28, 2025 Mr. Fultz called Motorcity Casino Hotel to reserve a one bedroom junior suite for his return in May 2025 to commemorate his high

school's 50th reunion.  Mr. Fultz spoke with Miriam at the hotel registration. Upon his request for a junior suite Mr. Fultz was advised mobility accessible guestrooms are only available in the class of deluxe king and no other type.

14. As a result of the inability to reserve an accessible junior suite, Mr. Fultz proceed to make reservations for May at an alternate downtown Detroit upscale hotel property.

15. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint.  Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the Defendant's place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the hotel and its amenities without fear of discrimination.

16. The Defendant has discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited

by 42 U.S.C. § 12182 *et seq.*

17. The Defendant has discriminated and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

18. A preliminary inspection of the MotorCity Casino Hotel, including its physical facilities and website, has shown that many violations of the ADA exist. These violations include, but are not limited to:

Designated Mobility Accessible Guestrooms Generally

A. Upon information and belief, Mark Fultz believes substantially similar barriers to handicap access for the mobility impaired exist in all guestrooms that are designated as mobility accessible guestrooms throughout the hotel similar to those experienced by the Plaintiff in guestroom number 306 which require remedying.

B. Upon confirmation by a hotel employee, there are not designated accessible guestrooms disbursed among the various classes of guestrooms, whereas the property only offers mobility accessible guestroom with one (1) king bed but able-bodied patrons can choose from room types that include two (2) double beds, and one bedroom junior suites. This is in violation of the ADA and section 224.5 of the 2010 Standards and section 9.1.4(1) of the 1991 ADAAG whose remedy is strictly required or, at minimum, readily achievable.

Designated Mobility Accessible Guestroom #306

C. Room signage lacks the international symbol of accessibility designating it as mobility-accessible, in violation of the ADA and section 704.3.2 of the 2010 Standards and 1991 ADAAG section 4.30.6 whose remedy is strictly required or, at minimum, is readily achievable.

D. The door to access the guestroom requires more than 5 pounds of force to operate, in violation of the ADA and Section 309.4 of the 2010 Standards and section 4.13.11(2) of the 1991 ADAAG, whose remedy is strictly required or, at minimum, is readily achievable.

E. The curtain adjusters are located above allowable reach range and require tight grasping or twisting to operate, in violation of the ADA and sections 308.2.1 and 309.4 of the 2010 Standards and 1991 ADAAG sections 4.25.3 and 4.27.4, whose remedy is strictly required or, at minimum, readily achievable.

F. Furniture obstructs the clear floor space to access the curtain adjusters, in violation of the ADA and section 305.3 of the 2010 Standards and 4.2.4.1 of the 1991 Standards, whose remedy is strictly required or, at minimum, is readily achievable.

G. The ironing board's operable parts are located above allowable reach range, in violation of the ADA and Section 308.2.1 of the 2010 Standards and 1991 ADAAG Section 4.2.5, whose remedy is strictly required or, at minimum, is readily achievable.

H. The robe hook is located above allowable reach range, in violation of the ADA and Section 308.2.1 of the 2010 Standards and 1991 ADAAG Section 4.2.5, whose remedy is strictly required or, at minimum, readily achievable.

I. Furniture obstructs the clear floor space to access the lamp controls, in violation of the ADA and section 305.3 of the 2010 Standards and 4.2.4.1 of the 1991 Standards, whose remedy is strictly required or, at minimum, is readily achievable.

J. Lamp controls require tight grasping or twisting to operate in violation of the ADA and Section 309.4 of the 2010 Standards and 1991 ADAAG Section 4.27.4, whose remedy is strictly required or, at minimum, readily achievable.

Access to Goods and Services

K. There is not at least 36 inches of maneuvering clearance between tables and machines in the casino, in violation of the ADA and Section 403.5.1 of the 2010 Standards and Section 4.3.3 of the 1991 Standards, whose remedy is strictly

required or, at minimum, is readily achievable.

<u>Website and Reservation System</u>

L.  The Motorcity Casino's website, https:// motorcitycasino.com, does not identify or describe accessible features in sufficient detail to reasonably permit individuals with disabilities to assess independently whether the hotel or guestroom meets his or her accessibility needs, in violation of 28 CFR § 36.302(E)(1)(ii).

M. The Motorcity Casino's website, https:// motorcitycasino.com, does not permit individuals with disabilities to make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms, in violation of 28 CFR § 36.302(E)(1)(i).

<u>Policies and Procedures</u>

N.  The Defendant lacks or has inadequate defined policies and procedures for the assistance of disabled patrons, including a policy for maintaining its accessible physical features and website, in violation of the ADA whose remedy is strictly required or, at minimum, is readily achievable.

O.  The Defendant's inadequate procedures for the benefit of its patrons with disability extend to its failure to conduct a self-survey of its facilities and amenities that has resulted in discriminatory conduct toward Mark Fultz.

P.  The Defendant's inadequate policies and procedures include an absence of emergency evacuation plans of this 16-story hotel for the Defendant's guests with varying types of disabilities who may require an added duty of care and pre-planning. As such, guests with mobility impairments including Mark Fultz, struggle to address the existing barriers to accessibility on the property and suffer additional risk in the event of an emergency and proper emergency evacuation plans are required.

19.   The discriminatory violations described in Paragraph 18 by Defendant **Detroit Entertainment, L.L.C.** are not an exclusive list of the Defendant's ADA violations. Plaintiff requires further inspection of the Defendant's place

of public accommodation in order to determine, photograph and measure all of the discriminatory acts violating the ADA and areas of non-compliance with the Americans with Disabilities Act creating barriers to handicap access. The Plaintiff has been denied access to Defendant's accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendant, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

20. Plaintiff restates the allegations of ¶¶1-19 as if fully rewritten here.

21. The hotel and casino at issue, as owned and operated by **Detroit Entertainment, L.L.C.** constitutes a public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

22. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendant's failure to comply with Title III of the Americans

with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility readily accessible to and usable by persons with disabilities, including Plaintiff.

23. The Plaintiff, and others similarly situated, is presently without adequate remedy at law and is damaged by irreparable harm. Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Facility and on its website and within its policies, including those set forth herein.

24. Pursuant to 42 U.S.C. §12188, Plaintiff requests that the Court issue an injunction requiring Defendant to come into full compliance with the implementing regulations of the ADA as is required for this hotel unless it would be structurally impracticable or at minimum to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property and website to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this

action.

## COUNT II
## VIOLATION OF MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT, M.C.L. § 37.1301 *et seq.*

25. Plaintiff restates the allegations of ¶¶1-24 as if fully rewritten here.

26. **Detroit Entertainment, L.L.C.** owns or operates a "place[s] of public accommodation" pursuant to M.C.L §37.1301(a).

27. Defendant committed unlawful acts pursuant to M.C.L §37.1302(a) by denying Plaintiff the full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges. Whereas, the Defendant has denied Mr. Fultz and others with mobility impairments access to a guestroom with more than one bed or any type of suite. Furthermore, the Plaintiff is denied the ability to make reservations for a mobility accessible guestroom in a the same manner and able-bodied guests online make a reservation.

28. Pursuant to M.C.L §37.1606, Plaintiff is entitled to compensatory and exemplary damages, and attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendant to come into full compliance with the implementing regulations of the ADA as is required for this hotel unless it would be structurally impracticable or at minimum to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys' fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and exemplary damages, attorney's fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

       Respectfully Submitted,

       <u>*Counsel for Plaintiff*</u>:

       <u>/s/ Owen B Dunn Jr.</u>
       Owen B. Dunn, Jr., Esq. (p66315)
       Law Offices of Owen Dunn, Jr.
       The Offices of Unit C
       6800 W. Central Ave., Suite C-1
       Toledo, OH 43617
       (419) 241-9661 – Phone
       (419) 241-9737 – Facsimile
       Monroe, MI (734) 240-0848
       obdjr@owendunnlaw.com

And

Brian A. Hizer, Esq. (0075033)*
Law Office of Brian A. Hizer
The Offices of Unit C
6800 W. Central Ave., Suite C-1
Toledo, OH 43617
Phone : 419-841-3600
Fax : 419-842-9966
Email: brianahizer@bex.net
  *admitted to the bar for Eastern District of Michigan